**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

In the matter of the complaint of AMERICAN RIVER TRANSPORTATION COMPANY, a corporation, for exoneration from or limitation of liability.

Civil No. 00-1274 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER DENYING CLAIMANT'S MOTIONS TO DISSOLVE INJUNCTION AND TO DISMISS**

---

Teresa A. McNail and Gary T. Sacks, GOLDSTEIN & PRICE, 1000 The Boatmen's Tower, 100 North Broadway, St. Louis, MO 63102, and Leon R. Bissonette, LAMBERT & BOEDER, 1000 Superior Boulevard, Wayzata, MN 55391, for plaintiff American River Transportation Co.

Gerard B. Schneller, THE LAKIN LAW FIRM, 301 Evans Avenue, Wood River, IL 62095, and Lynn O'Leary, SIEBEN, POLK, LAVERDIERE, JONES & HAWN, 999 Westview Drive, Hastings, MN 55033, for claimant Christopher Moore.

Suzanne L. Montgomery and Raymond L. Massey, THOMPSON COBURN, One Firstar Plaza, St. Louis, MO 63101, and James S. Simonson and Kacy C. Kleinhans, GRAY, PLANT, MOOTY, MOOTY & BENNETT, 3400 City Center, 33 South Sixth Street, Minneapolis, MN 55402, for claimants American Commercial Lines, LLC and American Commercial Barge Line, LLC.

This case arises out of an incident on October 13, 1998, in which claimant Christopher Moore was allegedly injured when he fell from a ladder extending from the towboat M/V LIL CHARLEY to the Minnesota shore. Petitioner American River

FILED DEC 0 7 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

Transportation Co. ("American River"), the owner of the M/V LIL CHARLEY, filed this action seeking exoneration from or limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. app. §§ 181-196. As security for its interest in the vessel, American River filed an ad interim stipulation and bond in the amount of $357,000. On May 23, 2000, the Court entered an Order enjoining the institution and prosecution of any other suits relating to the October 13, 1998 incident. The Court also directed that any party with a claim related to the October 13, 1998 incident must file the claim with the Court on or before July 20, 2000.

On July 19, 2000, claimants Christopher Moore ("Moore"), American Commercial Lines, LLC ("ACL") and American Commercial Barge Line, LLC ("ACBL") filed claims with the Court. ACBL was Moore's employer at the time of the incident, and ACL is ACBL's parent company. Moore alleges damages in excess of $357,000, the stipulated value of American River's interest in the vessel. ACL and ACBL allege that as a result of the incident, they may be held liable to Moore and they have become obligated to make approximately $50,000 worth of maintenance and cure payments to and on behalf of Moore. ACL and ACBL seek to recover the maintenance and cure payments, prejudgment interest, costs, and attorney fees, and they also seek an order requiring American River to indemnify them.

This matter is before the Court on Moore's motions to dissolve the injunction and to dismiss American River's claim for exoneration. For the reasons set forth below, these motions are denied.

**A. Motion to Dissolve Injunction**

The Limitation of Liability Act (the "Limitation Act") permits a shipowner to limit its liability to damage claimants to the value of its interest in the vessel and the vessel's pending freight, so long as the loss is incurred without the shipowner's privity or knowledge. *See* 46 U.S.C. app. § 183; *Lewis & Clark Marine, Inc. v. Lewis*, 196 F.3d 900, 905 (8th Cir. 1999), *cert. granted*, 120 S. Ct. 2193 (2000). Federal district courts have exclusive jurisdiction over suits brought pursuant to the Limitation Act. *See* 28 U.S.C. § 1333. Section 1333, however, also contains a clause "saving to suitors in all cases all other remedies to which they are otherwise entitled." *Id.* This "savings to suitors" clause creates a presumption in favor of jury trials and common law remedies, *see Lewis & Clark Marine*, 196 F.3d at 905, but claimants have no right to a jury trial in federal admiralty actions, *see Universal Towing Co. v. Barrale*, 595 F.2d 414, 417 (8th Cir. 1979).

To reconcile the "savings to suitors" clause with federal courts' exclusive admiralty jurisdiction, courts have created two exceptions in which a claimant must be permitted to have his claims heard in another forum before a jury. The "adequate fund" exception occurs when the value of the limitation fund exceeds the total value of all the claims asserted against the shipowner. *See Valley Line Co. v. Ryan*, 771 F.2d 366, 372 (8th Cir. 1985). Under the "single claimant" exception, a district court must dissolve the injunction where only one claim is asserted against the shipowner. *See id.* at 373. To protect the shipowner's limitation proceeding rights, however, the claimant must file certain stipulations with the district court before the injunction will be dissolved.

Specifically, the claimant must stipulate (1) that the value of the fund is the value of the vessel and its freight; (2) to the claimant's waiver of any right to a claim of res judicata based on the judgments obtained in any other fora; and (3) that the district court has exclusive jurisdiction to determine all issues affecting the shipowner's right to limit its liability. *See Lewis & Clark Marine*, 196 F.3d at 906 n.2.

In support of his motion to dissolve the injunction, Moore has filed the following stipulations:

1. He is the only claimant in this matter.

2. He concedes for purposes of this motion that the value of the limitation fund is $357,000.

3. He will not enforce any resulting state court judgment in an amount exceeding $357,000.00 prior to adjudication of petitioner's claim for limitation of liability by this Court; and that in the event this Court limits petitioner's liability pursuant to statute, that he will not attempt to collect or enforce a state court judgment to the extent that it exceeds $357,000.

4. That this Court shall retain jurisdiction over all issues relating to limitation, as distinct from exoneration, and that no resulting state court judgment shall be raised as res judicata in the limitation proceeding.

5. Claimants ACL and ACBL have stated in their claim that they have "become obligated to make maintenance and cure payments to and on behalf of Christopher Moore in the approximate amount of $50,000.00."

6. Claimant Moore hereby stipulates that the claim of ACL and ACBL has priority over the claim of claimant Moore.

### 1. Single Claimant

Moore first argues that this is a single claimant action. At the time he filed his motion, however, he was apparently unaware that, on the same day, ACL and ACBL had also filed a claim. While a claim for indemnity does not by itself create a multiple-claim situation, the single-claim exception ceases to apply when a claim for attorney fees and costs is added to the indemnity claim. *See Barrale*, 595 F.2d at 419. Here, ACL and ACBL seek to recover attorney fees, costs, prejudgment interest, and maintenance and cure payments.[1] Moore could overcome this difficulty by stipulating to ACL and ACBL's claim for attorney fees, costs, and prejudgment interest. *See id.* at 419-20. Indeed, it appears that Moore's latter two stipulations are an attempt to come within the single claimant exception. *See id.* at 420 (observing that giving priority to other claims renders the fund inadequate solely with respect to the moving party's claim, thus in effect creating a single claimant case). Given that Moore's stipulations refer only to ACL and ACBL's claim for the maintenance and cure payments and do not mention the claim for prejudgment interest, attorney fees, and costs, however, the Court finds that they are insufficient to protect ACL and ACBL's ability to recover from the fund.

---

[1] It is not clear to the Court whether Moore's right to the maintenance and cure payments from ACL and ACBL is derivative of his alleged right to recovery from American River. *See Barrale*, 595 F.2d at 419 (describing an indemnity claim as one which is "merely derivative of the one presented by" the injured claimant). Whether or not ACL and ACBL's claim for the maintenance and cure payments is actually an indemnity claim, however, it is clear that their claim for prejudgment interest, costs, and attorney fees is not.

**2. Exclusive Federal Jurisdiction**

American River argues that Moore's stipulation that this Court shall "retain jurisdiction over all issues relating to limitation" fails to stipulate to this Court's exclusive jurisdiction to determine limitation issues. In view of the Eighth Circuit's explicit requirement that claimants concede to the district court's "exclusive jurisdiction to determine all issues affecting the shipowner's right to limit its liability," *Valley Line Co.*, 771 F.2d at 373, Moore's stipulation falls short of the mark.

**3. Res Judicata**

ACL and ACBL contend that Moore's stipulation regarding res judicata is inadequate because it refers only to a possible state court judgment, and does not waive any claim of res judicata resulting from judgments obtained in other fora. The Court agrees that Moore's current stipulation does not foreclose an attempt to use a judgment obtained in federal court as res judicata in the limitation proceeding and is therefore insufficient. *Cf. Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1044 (11th Cir. 1996) (disapproving of stipulations that referred only to "state court"); *In re Falcon Drilling Co.*, No. 94-3280, 1996 WL 363445, at *2 (E.D. La. June 28, 1996) (same).

**4. Value of the Limitation Fund**

American River argues that Moore's stipulation that he "concedes for purposes of this motion that the value of the limitation fund is $357,000.00" does not conform to the requirement that he "concede the sufficiency in amount of the stipulation." *Jefferson Barracks Marine Serv., Inc. v. Casey*, 763 F.2d 1007, 1010 (8th Cir. 1985). At oral

argument, Moore did not contest American River's assertion that before he may proceed in state court he must waive his right to dispute the value of the vessel in this Court. Other courts have not imposed such a requirement, and indeed have questioned whether *Jefferson Barracks* actually held that such a stipulation is required. *See, e.g., In re Garvey Marine, Inc.*, 909 F. Supp. 560, 566-67 (N.D. Ill. 1995). In view of *Jefferson Barracks*' language requiring such a stipulation and Moore's failure to object, however, the Court resolves this issue against Moore and finds that his proposed stipulation is not adequate because it applies only "for purposes of this motion."

**5. Exoneration and Jury Trial**

American River also argues that Moore's stipulations are insufficient because he did not stipulate that he intends to pursue a jury trial and he failed to stipulate to this Court's exclusive jurisdiction over exoneration. *See Lewis & Clark*, 196 F.3d at 906-910 (holding that claimant's waiver of right to a jury trial and lack of other "saved" remedies precluded application of any exceptions to the federal court's exclusive jurisdiction, and also holding that the shipowner's right to exoneration was properly within the federal court's exclusive jurisdiction as part of the limitation proceeding). These very issues are currently before the Supreme Court, however, and the Court will therefore reserve a ruling on them until they are definitively resolved. Given the other inadequacies in Moore's stipulations, however, the Court must deny his motion to dissolve the injunction at this time.

**B. Motion to Dismiss Exoneration Claim**

Moore moves to dismiss American River's claim for exoneration on the basis that it is not authorized by the Limitation Act. While Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims states that complaints for limitation of liability "may demand exoneration from as well as limitation of liability," Moore argues that this portion of the Rule is *ultra vires* and therefore void. Currently, the Eighth Circuit recognizes that shipowners may seek exoneration as "part and parcel" of the limitation proceeding. *Lewis & Clark Marine*, 196 F.3d at 908. The Court therefore denies Moore's motion to dismiss at this time. In recognition of the fact that the Supreme Court is expected to resolve this issue shortly, however, the motion is denied without prejudice to Moore's right to seek dismissal of this claim later, should the Supreme Court's anticipated ruling warrant such a motion.

**ORDER**

Based on the submissions of the parties, the arguments of counsel, and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Claimant Christopher Moore's motion for order dissolving injunction [Docket No. 13] is **DENIED**; and

2. Claimant Christopher Moore's motion to dismiss petitioner's claim for exoneration [Docket No. 15] is **DENIED**.

DATED: December 7, 2000
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge